UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEEKS MARINE INC., individually and on behalf of a class of all those similarly situated,

                Plaintiff,

vs.

BRIDGESTONE CORPORATION; BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC.; TRELLEBORG INDUSTRIE S.A., DUNLOP OIL & MARINE LTD.; PARKER ITR SRL; MANULI RUBBER INDUSTRIES S.P.A.; MANULI OIL & MARINE (U.S.A.) INC.; YOKOHAMA RUBBER CO., LTD.; PW CONSULTING (OIL AND MARINE) LTD.; PETER WHITTLE; DAVID BRAMMAR; BRYAN ALLISON; JACQUES COGNARD; CHRISTIAN CALECA; MISAO HIOKI; FRANCESCO SCAGLIA; and VANNI SCODEGGIEO,

                Defendants.

Civil Action No. 07-CIV-6811

## ANSWER

Defendant Dunlop Oil & Marine Ltd. ("Dunlop"), by and through its attorneys, responds below to Plaintiff Bayside Rubber & Products, Inc.'s Class Action Complaint (the "Complaint").

The Complaint contains allegations that are vague, ambiguous, conclusory, inflammatory, or otherwise improper. The Complaint improperly refers to Dunlop and other Defendants on a collective basis and fails to plead with requisite particularity the allegations against Dunlop. To the extent the allegations of the Complaint refer to the knowledge, conduct or actions of persons, entities or Defendants other than Dunlop, Dunlop is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations. Dunlop answers Plaintiff's allegations only on behalf of Dunlop, even when

Plaintiff's allegations refer to alleged conduct by "Defendants," collectively, or other parties. Except as expressly admitted in this Answer, Dunlop denies each and every allegation in the Complaint. Further, Dunlop denies all allegations that contain legal arguments and conclusions of law.

1. Dunlop denies the allegations contained in Paragraph 1 of the Complaint.

2. This paragraph does not state any facts and therefore requires no response.

3. Dunlop denies that this Court has subject matter jurisdiction.

4. Dunlop denies the allegations contained in Paragraph 4 of the Complaint.

5. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6. This paragraph sets forth a definition to which no response is required.

7. This paragraph sets forth a definition to which no response is required.

8. This paragraph sets forth a definition to which no response is required.

9. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13. Dunlop admits that it is an English corporation with a principal place of business in Grimsby, United Kingdom. Dunlop admits that it sells "Saflote," a double carcass floating

hose, and "Safgard," a double carcass submarine hose. Dunlop denies the remaining allegations in Paragraph 13 of the Complaint.

14. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. Dunlop admits that David Brammar was an employee. Dunlop denies the remaining allegations in Paragraph 20 of the Complaint.

21. Dunlop admits that Bryan was an employee. Dunlop denies the remaining allegations in Paragraph 21 of the Complaint.

22. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 does not state any facts and therefore no response is required.

28. Dunlop denies the allegations contained in Paragraph 28 of the Complaint.

29. Dunlop denies the allegations contained in Paragraph 29 of the Complaint.

30. Dunlop denies the allegations contained in Paragraph 30 of the Complaint.

31. Dunlop denies the allegations contained in Paragraph 31 of the Complaint.

32. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34. Dunlop denies the allegations contained in Paragraph 34 of the Complaint.

35. Dunlop denies the allegations contained in Paragraph 35 of the Complaint.

36. Dunlop denies the allegations contained in Paragraph 36 of the Complaint.

37. Dunlop admits that on May 2, 2007, the U.S. Department of Justice ("DOJ") issued a press release entitled "Eight Executives Arrested on Charges of Conspiring to Rig Bids, Fix Prices and Allocate Markets for Sales of Marine Hose." Dunlop refers the Court to that press release (the "May 2 press release") for an accurate statement of its contents. Dunlop denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint.

39.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint.

40.  Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

41.  Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

43.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint.

45. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint.

46. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint.

47. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint.

48. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint.

49. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint.

DSMDB-2320156v01

50. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint.

51. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint.

52. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint.

53. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint.

54. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint.

55. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

DSMDB-2320156v01

56. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint.

57. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

58. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

59. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint.

60. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint.

61. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint.

62. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint.

63. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint.

64. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint.

65. Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.

66. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint.

67. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint.

68. Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint.

69.  Dunlop refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint.

70.  Dunlop denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint.

71.  Dunlop denies that the statute of limitations was tolled.

72.  Dunlop denies that this case may be maintained as a class action.

73.  Dunlop denies that this case may be maintained as a class action.

74.  Dunlop denies that this case may be maintained as a class action.

75.  Dunlop denies that this case may be maintained as a class action.

76.  Dunlop denies that this case may be maintained as a class action.

77.  Dunlop denies that this case may be maintained as a class action.

78.  Dunlop denies that this case may be maintained as a class action.

79.  Dunlop denies the allegations in Paragraph 79.

80.  Dunlop denies the allegations in Paragraph 80.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claim is barred because Plaintiff has not suffered any injury proximately caused by any conduct of Dunlop.

### Third Defense

Plaintiff's claim is barred because Plaintiff has not suffered any cognizable injury under the federal antitrust laws.

### Fourth Defense

Plaintiff's claim is barred because Plaintiff failed to mitigate damages, if any, allegedly suffered as a result of the conduct it alleges.

### Fifth Defense

Plaintiff's claim is barred because Plaintiff's alleged damages, if any, are too speculative and uncertain.

### Sixth defense

Plaintiff's claim is barred by the doctrines of waiver, estoppel and/or laches.

### Seventh Defense

Plaintiff's claim may not be maintained as a class action.

### Eighth Defense

Plaintiff's claim is barred because Plaintiff lacks standing to pursue the Complaint.

### Ninth Defense

Plaintiff's claim is barred by the doctrine of unclean hands.

### Tenth Defense

Plaintiffs claim is barred by the applicable statute of limitations.

### Eleventh Defense

Plaintiff's claim is barred because the Court lacks personal jurisdiction over Dunlop.

### Twelfth Defense

Plaintiff's claim is barred because the alleged conduct was not the proximate cause or cause in fact of any injury to Plaintiff.

### Thirteenth Defense

Plaintiff has failed to state with particularity facts to support the fraud and fraudulent concealment allegations.

### Fourteenth Defense

To the extent that the Complaint states claims for alleged injuries arising from purchases made outside of the United States or non-domestic effects of the alleged conspiracy, Plaintiff lacks standing to sue and this Court is without subject matter jurisdiction to hear Plaintiff's claims. Plaintiff cannot recover for claims arising from foreign effects of the alleged conspiracy.

### Fifteenth Defense

Dunlop adopts by reference any applicable defense pleaded by any other defendant not expressly set forth in this Answer.

### Sixteenth Defense

Dunlop reserves the right to assert other defenses as discovery proceeds.

### DUNLOP'S PRAYER FOR RELIEF

Wherefore, Dunlop requests that the Court enter judgment dismissing the Complaint, awarding Dunlop reasonable attorneys' fees and costs, with interest, associated with the defense of this litigation, and such other further relief as the Court deems just and appropriate.

Dated: September 18, 2007

Respectfully submitted,

_____
R. Bruce Holcomb
James R. Martin
Ann-Marie Luciano
DICKSTEIN SHAPIRO LLP
1825 I Street, NW
Washington, DC 20006
P: 202-420-2200

*Attorneys for Defendant Dunlop Oil & Marine Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on September 18, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list, either via transmission or Notices of Electronic filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ *Ann Marie Luciano*

## SERVICE LIST

Bruce H. Fleisher / bfleisher@bellsouth.net
3225 Aviation Ave.
Coconut Grove, FL 33133
Tel: 305-859-7999 / Fax: 305-285-0699


Hollis L. Salzman / hsalzman@labaton.com
Gregory S. Asciolla / gasciolla@labaton.com
Labaton Sucharow & Rudoff LLP
100 Park Ave., 12th Floor
New York, NY 10017-5563
Tel: 212-907-0700 / Fax: 212-818-0477


Alfred H. Davidson, IV / ahdavidson@barrettlawoffice.com
Patrick Barrett / pmbarrett3@barrettlawoffice.com
Barrett Law Office PA
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
Tel: 615-665-9990 / Fax: 615-665-9998


M. Stephen Dampier / stevedampier@cs.com
M. Stephen Dampier PC
14 S Section St.
PO Box 161
Fairhope, AL 36533
Tel: 251-928-9160 / Fax: 251-928-2834


Alan Graham Greer / agreer@richmangreer.com
Richman Greer Weil Brumbaugh Mirabito & Christensen
201 S. Biscayne Blvd., Ste. 100
Miami, FL 33131
Tel: 305-373-4000 / Fax: 305-373-4099


Daniel Goldschmidt / goldschmidtd@sullcrom.com
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1 AN
England