**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WEEKS MARINE, INC., individually and on behalf of a class of all those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:07-CIV-6811 (AKH) |
| v. | ) ) | |
| BRIDGESTONE CORPORATION, BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC., TRELLEBORG INDUSTRIE S.A., DUNLOP OIL & MARINE LTD., PARKER ITR SRL, MANULI RUBBER INDUSTRIES S.P.A., MANULI OIL & MARINE (U.S.A.) INC., YOKOHAMA RUBBER CO., LTD., PW CONSULTING (OIL AND MARINE) LTD., PETER WHITTLE, DAVID BRAMMAR, BRYAN ALLISON, JACQUES COGNARD, CHRISTIAN CALECA, MISAO HIOKI, FRANCESCO SCAGLIA, and VANNI SCODEGGIO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ECF CASE

**MEMORANDUM OF LAW** |
| Defendants. | | |

---

**DEFENDANT PARKER ITR SRL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**INTRODUCTION**

Weeks Marine, Inc.'s ("Plaintiff") Class Action Complaint ("Complaint") alleges that

seventeen defendants, including Parker ITR Srl ("Parker ITR"), participated in a conspiracy

related to the sale of marine oil and gas hoses. The Complaint's allegations, however, are little

more than conclusory statements and legal conclusions couched as factual allegations. The

factual allegations Plaintiff does make are insufficient to support the essential elements of

Plaintiff's claim.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint, as it pertains to Parker ITR, should be dismissed.

<u>**ARGUMENT AND MEMORANDUM OF LAW**</u>

I.    <u>**APPLICABLE LEGAL STANDARDS**</u>

    A.    **Applicable Legal Standard To Evaluate a Motion to Dismiss.**

In evaluating this Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must determine whether the *factual* allegations in the Complaint, if accepted as true, are sufficient to support each element of the legal claims made in the Complaint.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  The Court may consider only the allegations made in the Complaint, documents attached to the Complaint, documents incorporated into the Complaint by reference, and any facts of which judicial notice may be taken.  *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not  . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged.").  Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss and "will not be credited."  5B Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 1350, at 181-85 (3d ed. 2004 & Supp. 2007).  *See also Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179, 187 (S.D.N.Y. 2006) (stating that "the Court need not accept as true conclusory allegations and legal conclusions masquerading as facts," and dismissing plaintiff's claims because plaintiff failed to allege sufficient facts).

Plaintiff's Complaint makes one legal claim: violation of Section 1 of the Sherman Act arising from an alleged conspiracy related to the sale of marine oil and gas hoses.  *See*

Complaint ¶¶ 79-80.  To survive a motion to dismiss, Plaintiff's Complaint must make factual allegations sufficient to show (a) that there was a conspiracy, (b) the defendants knowingly entered into the conspiracy, (c) the conspiracy affected interstate or foreign trade and commerce, and (d)  Plaintiff was injured as a result of the conspiracy.  *See* 15 U.S.C. §§ 1, 15(a).  *See also Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 96 (2d Cir. 1998).

Conclusory allegations do not suffice; instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 547 U.S. ---, 127 S. Ct. 1955, 1965 (2007).  *See also Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) ("use of antitrust buzz words does not supply the factual circumstances necessary to support . . . conclusory allegations") (internal quotation marks omitted; ellipsis in original), *cert. denied*, 127 S. Ct. 1334 (2007); *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) ("the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations . . . to protect society from the costs of highly unpromising litigation"); *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220-21 (4th Cir. 1994) ("allegations must be stated in terms that are neither vague nor conclusory . . . the pleader must provide, whenever possible, some details of the time, place and alleged effect of the conspiracy; it is not enough merely to state that a conspiracy has taken place") (internal quotation marks omitted);  *Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985) ("enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified. . . [c]onclusory allegations will not survive a motion to dismiss if not supported by the facts constituting a legitimate claim for relief") (internal quotation marks omitted); *Heart Disease Research Found. v. Gen. Motors Corp.*, 463 F.2d 98, 100 (2d Cir.

1972) ("a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal").

      B.     **Applicable Legal Standard To Plead A Sherman Act Section 1 Claim.**

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clearly articulated "the proper standard for pleading an antitrust conspiracy." 127 S. Ct. at 1963. The *Twombly* complaint, like the Complaint here, generally alleged that the defendant conspired to restrain trade by refraining from competition. *See id.* at 1962-63. The complaint in *Twombly* alleged certain parallel behavior, but did not make factual allegations regarding agreement or concerted action. *See id.* The Supreme Court determined that absent factual allegations regarding agreement or concerted action, the plaintiffs had failed to make out a "plausible" right rather than merely a "conceivable" or "possible" right to relief and, as a result, the complaint was dismissed. *Id.* at 1974. The Supreme Court reached its conclusion notwithstanding the plaintiffs' allegations of circumstantial evidence that the defendant entered into a conspiracy, *see id.* (J. Stevens, dissenting), because "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966.

Facts, not conclusory allegations, govern the analysis. A sufficiently pled Section 1 "complaint [must contain] enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. Even where conduct may be the result of anticompetitive intent, a concerted agreement to act must be proved. *See id.* at 1965-66. Section 1 of the Sherman Act prohibits "only restraints effected by a contract, combination, or conspiracy. . . [t]he crucial question is whether the challenged anticompetitive conduct stem[s] from an independent decision or from an agreement." *Id.* at 1964 (internal citation and quotation marks omitted; alterations in original).

The *Twombly* Court recognized the costs and burdens that an inadequately pled Section 1 case can unleash, and it considered the possibility that such burden and expense may "push cost- conscious defendants to settle even anemic cases." *Id.* at 1967.  It also considered the burden on courts in managing the discovery process and explained "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'" *Id.*  These concerns reinforced the Supreme Court's conclusion, which was consistent with precedent requiring that "'district court[s] . . . retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Id.* (quoting *Assoc. Gen. Contractors*, 459 U.S. at 528 n.17).

In the brief period since the *Twombly* decision, lower courts have consistently agreed that *Twombly* requires factual allegations sufficient to support each element of a claim made against a defendant, dismissing claims that have failed to do so.  *See, e.g.*, *Temple v. Circuit City Stores, Inc.*, Nos. 06-cv-5303, 06-cv-5304, 2007 WL 2790154, at *7 (E.D.N.Y. Sept. 25, 2007) (using *Twombly* to support a dismissal of Sherman Act claims because plaintiffs "mention[ed] no facts to support the claim that such an agreement or conspiracy existed, and the 'naked assertion of conspiracy,' however often repeated, does not do the trick") (quoting *Twombly*, 127 S. Ct. at 1966); *Burke v. APT Found.*, --- F. Supp. 2d ---, 2007 WL 2682865, at *2 (D. Conn. Sept. 12, 2007) (granting defendant's motion to dismiss because plaintiff's claims failed to satisfy *Twombly*); *Savokinas v. Pittston Twp.*, No. 3:06-cv-00121, 2007 WL 2688729, at *4-5 (M.D. Pa. Sept. 11, 2007) (dismissing free speech claims where plaintiff "does not allege when the speech occurred, the forum where the speech occurred, the recipients of the speech, or the content of the speech"); *Benkowski v. Wasilewski*, No. 3:07-cv-0197, 2007 WL

2670265, at *10, *12 (M.D.Pa. Sept. 7, 2007) (dismissing claims against defendants for whom insufficient factual allegations were made while upholding claims against defendants for whom there were sufficient factual allegations); *In re Elevator Antitrust Litig.*,    --- F.3d ---, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (affirming dismissal of complaint because plaintiffs' claims were vague and general and did not provide "plausible grounds to infer an agreement" as required under *Twombly*); *Pancotti v. Boehringer Ingelheim Pharms., Inc.*, No. 3:06cv1674 (PCD), 2007 WL 2071624, at *2, *4, *7 (D. Conn. July 17, 2007) (citing *Twombly* to dismiss ERISA claims for failure to plead facts sufficient to support an essential element of the claims); *Am. Channel, LLC v. Time Warner Cable, Inc.*, No. Civ. A. 06-2175, 2007 WL 1892227, at *4-5 (D. Minn. June 28, 2007) (dismissing amended complaint because *Twombly* requires allegations of an agreement or concerted action and neither such allegations nor allegations sufficient to exclude independent conduct were made); *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* --- F.3d ---, 2007 WL 2768285, at *2-3 (6th Cir. Apr. 27, 2007) (affirming grant of defendant's motion to dismiss where plaintiffs failed to bring allegations that raised a right to relief "above the speculative level" as required by *Twombly*).

## II.    PLAINTIFF'S FAILURE TO INCLUDE SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT ITS CLAIM AGAINST PARKER ITR REQUIRES DISMISSAL OF THE COMPLAINT

The Complaint in this matter asserts a Section 1 claim against eight individual defendants and nine corporate defendants, including Parker ITR.  *See* Complaint ¶¶ 10-26. That claim is based on an alleged conspiracy between 1999 and 2007.  *See id.*  ¶¶ 1, 35.  The Complaint makes varying allegations against each defendant and, from the standpoint of withstanding a motion to dismiss, it is noteworthy to observe the dearth of factual allegations made against Parker ITR, in particular, any interaction between Parker ITR and other alleged participants of the conspiracy.  The Complaint refers to meetings between the alleged

conspirators, but only once alleges that anyone from Parker ITR actually attended any of the meetings (and that allegation is in conflict with other allegations in the Complaint.[1]  In addition, the Complaint alleges an eight-year conspiracy, but alleges no facts whatsoever about Parker ITR other than a four-month period in 2007 and, as described below, even those allegations do not satisfy the pleading standards required by the Supreme Court or the Second Circuit.

The Complaint makes only the following six allegations specifically related to Parker ITR:

1.  A criminal complaint was filed against an employee of Parker ITR, Giovanni Scodeggio, on May 1, 2007.
2.  ITR has been a corporate member of the conspiracy since at least 1999.
3.  Mr. Scodeggio's predecessor participated in the cartel.
4.  Mr. Scodeggio had a conversation with employees of a competitor.
5.  Mr. Scodeggio sent emails and had conversations with a consultant in the marine oil and gas hose industry.
6.  Mr. Scodeggio attended a meeting with competitors on May 1, 2007 (this allegation is in conflict with other allegations in the Complaint).

These six allegations are the sum total of the facts alleged in support of Plaintiff's claim against Parker ITR.  The Court must examine, therefore, these six allegations to determine if they are sufficient to support Plaintiff's claim against Parker ITR.

        a.     Allegations Unrelated to Parker ITR's Alleged Role in the Conspiracy and Legal Conclusions Fail to State a Claim For Which Relief can be Granted.

Three of the six allegations that Plaintiff makes against Parker ITR are either unrelated to whether Parker ITR was a part of the alleged conspiracy or are legal conclusions couched as factual allegations.  First, the Complaint alleges that a criminal complaint was filed against Mr. Scodeggio.  *See* Complaint ¶ 39.  This is not a fact that supports Plaintiff's allegations that Mr. Scodeggio entered into a conspiracy to restrain trade; rather, it is a factual statement regarding

---

[1] While Plaintiff alleges that Mr. Scodeggio attended the OTC meeting on May 1, 2007 in Houston, TX (Complaint ¶ 65), another section of the Complaint and the very affidavit on which that allegation relies provides a detailed list of defendants who actually attended the meeting, and excludes Mr. Scodeggio from attendance. Complaint *¶ 60;* Affidavit in Support of Criminal Complaint dated May 1, 2007 ("Affidavit") ¶ 30.

the filing of a court document.  Next, the Complaint alleges that Parker ITR has been involved in the alleged cartel since 1999 and that Mr. Scodeggio's predecessor was involved prior to his departure from Parker ITR.  *See id.* ¶¶ 65, 67.  These allegations are not factual allegations; instead, they are conclusory assertions couched as factual allegations.  Further, they are unsupported by underlying facts to show that Parker ITR or its employees engaged in any illegal agreement.

        b.     Plaintiff's Factual Allegations Fail to Show Any Illegal Agreement By Parker ITR and Therefore Fail Under *Twombly*.

Plaintiff does make three factual allegations regarding the conduct of Mr. Scodeggio, an employee of Parker ITR, but these allegations are insufficient to support the Section 1 claim because they do not show that Parker ITR, through Mr. Scodeggio, entered into an agreement or took concerted action with competitors.  First, the Complaint alleges that Mr. Scodeggio had a conversation with employees of a competitor.  *See* Complaint ¶ 66.  However, Plaintiff does not allege that any of Mr. Scodeggio's conversations with a competitor resulted in *any* agreement, much less one that violated the antitrust laws.  Furthermore, Plaintiff ignores the statement in the affidavit on which it relies to make this allegation that Scodeggio specifically stated that he was *not* part of the conspiracy.  *See* Affidavit ¶ 25.  Conversations with competitors can certainly be appropriate, and it is incumbent upon Plaintiff, pursuant to *Twombly*, to allege facts indicative of an illegal agreement.

Plaintiff also alleges that Mr. Scodeggio had conversations and exchanged emails with a consultant in the marine oil and gas hose industry, *see* Complaint ¶¶ 66, 67, but Plaintiff does not allege that any such conversation or email resulted in an illegal agreement.  Again, there are appropriately competitive reasons for Mr. Scodeggio to have contact with a consultant.  The

fact that the consultant was later arrested in the government's investigation does not provide the factual predicate to maintain a claim against Parker ITR.

Finally, the Complaint alleges that Mr. Scodeggio attended a meeting of the alleged conspirators on May 1, 2007. *See id.* ¶ 65. This allegation, however, is in direct conflict with other allegations of the Complaint, and with the affidavit on which Plaintiff relies to make the allegation. *See id.* ¶ 60; Affidavit ¶ 30. Indeed, the Complaint lists specific attendees of the alleged co-conspirator meetings that took place on multiple other occasions (from 1999-2002), but fails to include Mr. Scodeggio or any other employee of Parker ITR in the list of attendees. *See* Complaint ¶¶ 43, 52. Because there is no allegation that Mr. Scodeggio or any other Parker ITR employee attended these meetings (with the exception of the erroneous allegation regarding the May 1, 2007 meeting), there can be no allegation that Parker ITR participated in agreements of any kind (anticompetitive or otherwise). The absence of any allegations of actual anticompetitive agreements involving Parker ITR fails to satisfy Plaintiff's burden under *Twombly*.

          c.      Plaintiff's General and Conclusory Allegations Also Fail to Allege a Sufficient Cause of Action Against Parker ITR.

Without the necessary factual allegations specific to Parker ITR, the general and conclusory allegations made against the group of seventeen defendants cannot save the claim against Parker ITR. *See In re Elevator Antitrust Litig.*, 2007 WL 2471805, at *2. In *In re Elevator Antitrust Litigation*, the Second Circuit found that allegations that defendants "[p]articipated in meetings…to discuss pricing and market divisions; agreed to fix prices. . .[r]igged bids for sales and maintenance. . .[e]xchanged price quotes," among other equally vague allegations, were "entirely general terms without any specification of particular activities by an particular defendant," that amounted to "nothing more than a list of theoretical

possibilities, which one could postulate without knowing any facts whatsoever." *Id.* at \*2 & n.5

(quoting *In re Elevator Antitrust Litig.*, No. 04 CV 1178, 2006 WL 1470994, at \*2-3 (S.D.N.Y.

May 30, 2006)) (internal quotation marks omitted). The Court found that such conclusory

allegations, where unsupported by allegations of the underlying factual basis, were insufficient

to sustain the plaintiffs' claims and required dismissal of the complaint. *See id.*

 The Complaint in this case asserts a standard litany of boilerplate antitrust allegations

across the seventeen defendants. It alleges that "the cartel held general meetings on a number

of occasions. . ." from 1999-2002, where they "agreed to the rules; discussed how to keep the

cartel running smoothly; reviewed and agreed to the market shares allocated to each of the

firms; and reviewed and agreed to price lists for Marine Hose." Complaint ¶¶ 52-53. These

conclusory allegations are the type of "entirely general terms without any specification of

particular activiites" that "one could postulate without knowing any facts whatever" and were

insufficient to suport a claim in *In re Elevator Antitrust Litigation.* 2007 WL 2471805, at \*2

(internal quotation marks omitted). These allegations simply do not rise to the level of

identifying facts that are suggestive enough to render the element plausible. *See Bell Atl. Corp.*

*v. Twombly*, 547 127 S. Ct. at 1965; *In re Elevator Antitrust Litig.*, 2007 WL 2471805 at \*2.

 The Complaint's allegations against Parker ITR do not include facts sufficient to

support the claim that Parker ITR or its employees knowingly entered into a conspiracy in

violation of Section 1. Instead, Plaintiff's allegations against Parker ITR (a) are conclusory

allegations that use antitrust "buzz" words, but are not supported by factual allegations; (b) are

legal conclusions couched as factual allegations, or (c) are factual allegations regarding conduct

that has appropriately competitive purposes *without* factual allegations regarding illegal

agreement or concerted action.  They are insufficient, and the Complaint should be dismissed.

*Twombly*, 127 S. Ct. at 1965-66.


## **CONCLUSION**

Based upon the arguments presented and authority cited herein, Parker ITR respectfully

request that the Court dismiss Plaintiff's Complaint as it pertains to Parker ITR.

Dated: October 9, 2007                           Respectfully submitted,

                                                  _/s/ Sacha A. Boegem____
                                                 Sacha A. Boegem, Esquire
                                                 JONES DAY
                                                 222 E. 41st Street
                                                 New York, New York 10017
                                                 Telephone: (212) 326-3939
                                                 Facsimile: (212) 755-7306
                                                 saboegem@jonesday.com
                                                 Counsel for Defendant Parker ITR Srl



Additonal Counsel:

John M. Majoras, Esquire
Carmen G. McLean, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
jmmajoras@jonesday.com
cgmclean@jonesday.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 9, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information for Case  1:07-CIV-6811.  Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.


/s/ Sacha A. Boegem
Sacha A. Boegem