UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEEKS MARINE INC., individually and on behalf of a class of all those similarly situated,

                Plaintiff,

vs.

BRIDGESTONE CORPORATION; BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC.; TRELLEBORG INDUSTRIE S.A., DUNLOP OIL & MARINE LTD.; PARKER ITR SRL; MANULI RUBBER INDUSTRIES S.P.A.; MANULI OIL & MARINE (U.S.A.) INC.; YOKOHAMA RUBBER CO., LTD.; PW CONSULTING (OIL AND MARINE) LTD.; PETER WHITTLE; DAVID BRAMMAR; BRYAN ALLISON; JACQUES COGNARD; CHRISTIAN CALECA; MISAO HIOKI; FRANCESCO SCAGLIA; and VANNI SCODEGGIEO,

                Defendants.

Civil Action No. 07-CIV-6811

---

## ANSWER

Defendant David Brammar ("Brammar"), by and through his attorneys, responds below to Plaintiff Weeks Marine, Inc.'s Class Action Complaint (the "Complaint").

The Complaint contains allegations that are vague, ambiguous, conclusory, inflammatory, or otherwise improper. The Complaint improperly refers to Brammar and other Defendants on a collective basis and fails to plead with requisite particularity the allegations against Brammar. To the extent the allegations of the Complaint refer to the knowledge, conduct or actions of persons, entities, or Defendants other than Brammar, Brammar is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations. Brammar answers Plaintiff's allegations only on behalf of

himself, even when Plaintiff's allegations refer to alleged conduct by "Defendants," collectively, or other parties. Except as expressly admitted in this Answer, Brammar denies each and every allegation in the Complaint. Further, Brammar denies all allegations that contain legal arguments and conclusions of law.

1. Brammar denies that this action can be brought as a class action. Otherwise, Brammar denies the allegations contained in Paragraph 1 of the Complaint.

2. Brammar denies the allegations contained in Paragraph 2 of the Complaint. Brammar denies that this action may be properly maintained as a class action. Otherwise, the Complaint speaks for itself.

3. Brammar denies the allegations contained in Paragraph 3 of the Complaint.

4. Brammar denies the allegations contained in Paragraph 4 of the Complaint.

5. Brammar denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 does not require a response.

7. Paragraph 7 does not require a response.

8. Paragraph 8 does not require a response.

9. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13. Brammar admits that Dunlop is an English corporation with a principal place of business in Grimsby, United Kingdom. Brammar admits that Dunlop sells "Saflote," a double carcass floating hose, and "Safgard," a double carcass submarine hose. Brammar denies the remaining allegations in Paragraph 13 of the Complaint.

14. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. Brammar admits that he was a Dunlop employee. Brammar denies the remaining allegations in Paragraph 20 of the Complaint.

21. Brammar admits that Bryan Allison was a Dunlop employee. Brammar denies the remaining allegations in Paragraph 21 of the Complaint.

22. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 does not require a response.

28. Brammar denies the allegations contained in Paragraph 28 of the Complaint.

29. Brammar denies the allegations contained in Paragraph 29 of the Complaint.

30. Brammar denies the allegations contained in Paragraph 30 of the Complaint.

31. Brammar denies the allegations contained in Paragraph 31 of the Complaint.

32. Brammar admits that offshore marine hose is used to transport oil between offshore operations, ships, and buoys.

33. Brammar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 states a legal conclusion to which no response is required. Otherwise, Brammar denies the allegations contained in Paragraph 34 of the Complaint.

35. Brammar denies the allegations contained in Paragraph 35 of the Complaint.

36. Brammar denies the allegations contained in Paragraph 36 of the Complaint.

37. Brammar admits that on May 2, 2007, the U.S. Department of Justice ("DOJ") issued a press release entitled "Eight Executives Arrested on Charges of Conspiring to Rig Bids,

Fix Prices and Allocate Markets for Sales of Marine Hose." Brammar refers the Court to that press release (the "May 2 press release") for an accurate statement of its contents. Brammar denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.   Brammar admits that he and Mr. Allison are former Dunlop employees. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents.

39.   Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint.

40.   Brammar admits that the European Commission issued a press release on May 3, 2007, titled "Antitrust: Commission has carried out inspections in the marine-hose sector" and refers the Court to that press release for an accurate statement of its contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

41.   Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.   Paragraph 42 quotes a statement purportedly made by Thomas Barnett. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

43.   Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint.

45. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint.

46. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint.

47. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint.

48. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint.

49. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint.

50. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint.

51. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint.

52. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint.

53. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint.

54. Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint.

55. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint.

57. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint.

58. Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

59. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint.

60. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint.

61. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint.

62. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint.

63. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint.

64. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint.

65. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.

66. Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint.

67. Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint.

68. Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint.

69. Brammar refers the Court to the May 2 press release and the criminal complaint referenced therein for an accurate statement of their contents. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint.

70. Brammar denies the allegations contained in Paragraph 70 of the Complaint.

71. Brammar denies that the statute of limitations was tolled.

72. Brammar denies that this action can be brought as a class action.

73. Brammar denies the allegations contained in Paragraph 73 in the Complaint.

74. Brammar denies that this action can be brought as a class action. Otherwise, Brammar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint.

75. Brammar denies the allegations contained in Paragraph 75 in the Complaint.

76. Brammar denies the allegations contained in Paragraph 76 in the Complaint.

77. Brammar denies that this action can be brought as a class action.

78. Brammar denies that this action can be brought as a class action.

79. Brammar denies the allegations contained in Paragraph 79 of the Complaint.

80. Brammar denies the allegations contained in Paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense
The Complaint fails to state a claim upon which relief may be granted.

### Second Defense
Plaintiff's claim is barred because Plaintiff has not suffered any injury proximately caused by any conduct of Brammar.

### Third Defense
Plaintiff's claim is barred because Plaintiff has not suffered any cognizable injury under the federal antitrust laws.

### Fourth Defense
Plaintiff's claim is barred because Plaintiff failed to mitigate damages, if any, allegedly suffered as a result of the conduct it alleges.

### Fifth Defense
Plaintiff's claim is barred because Plaintiff's alleged damages, if any, are too speculative and uncertain.

### Sixth defense
Plaintiff's claim is barred by the doctrines of waiver, estoppel, and/or laches.

### Seventh Defense
Plaintiff's claim may not be maintained as a class action.

### Eighth Defense
Plaintiff's claim is barred because Plaintiff lacks standing to pursue the Complaint.

### Ninth Defense
Plaintiff's claim is barred by the doctrine of unclean hands.

### Tenth Defense
Plaintiff's claim is barred by the applicable statute of limitations.

### Eleventh Defense
Plaintiff's claim is barred because the Court lacks personal jurisdiction over Brammar.

### Twelfth Defense
Plaintiff's claim is barred because the alleged conduct was not the proximate cause or cause in fact of any injury to Plaintiff.

### Thirteenth Defense
Plaintiff has failed to state with particularity facts to support the fraud and fraudulent concealment allegations.

### Fourteenth Defense
To the extent that the Complaint states claims for alleged injuries arising from purchases made outside of the United States or non-domestic effects of the alleged conspiracy, Plaintiff lacks standing to sue and this Court is without subject matter jurisdiction to hear Plaintiff's claims. Plaintiff cannot recover for claims arising from foreign effects of the alleged conspiracy.

### Fifteenth Defense
Brammar adopts by reference any applicable defense pleaded by any other Defendant not expressly set forth in this Answer.

### Sixteenth Defense
Brammar reserves the right to assert other defenses as discovery proceeds.

### BRAMMAR'S PRAYER FOR RELIEF
Wherefore, Brammar requests that the Court enter judgment dismissing the Complaint, awarding him reasonable attorneys' fees and costs, with interest, associated with the defense of this litigation, and such other further relief as the Court deems just and appropriate.

Dated: October 9, 2007

Respectfully submitted,

/s/ R. Bruce Holcomb

R. Bruce Holcomb
James R. Martin
Ann-Marie Luciano
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
P: 202-420-2200

*Attorneys for Defendant David Brammar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list, either via transmission or Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ *Ann-Marie Luciano*

DSMDB-2330588v01

**SERVICE LIST**

Bruce H. Fleisher / bfleisher@bellsouth.net
3225 Aviation Ave.
Coconut Grove, FL 33133
Tel: 305-859-7999 / Fax: 305-285-0699


Hollis L. Salzman / hsalzman@labaton.com
Gregory S. Asciolla / gasciolla@labaton.com
Labaton Sucharow & Rudoff LLP
100 Park Ave., 12th Floor
New York, NY 10017-5563
Tel: 212-907-0700 / Fax: 212-818-0477


Alfred H. Davidson, IV / ahdavidson@barrettlawoffice.com
Patrick Barrett / pmbarrett3@barrettlawoffice.com
Barrett Law Office PA
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
Tel: 615-665-9990 / Fax: 615-665-9998


M. Stephen Dampier / stevedampier@cs.com
M. Stephen Dampier PC
14 S Section St.
PO Box 161
Fairhope, AL 36533
Tel: 251-928-9160 / Fax: 251-928-2834


Alan Graham Greer / agreer@richmangreer.com
Richman Greer Weil Brumbaugh Mirabito & Christensen
201 S. Biscayne Blvd., Ste. 100
Miami, FL 33131
Tel: 305-373-4000 / Fax: 305-373-4099


Daniel Goldschmidt / goldschmidtd@sullcrom.com
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1 AN
England