IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEEKS MARINE, INC., individually and on behalf of a class of all those similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>BRIDGESTONE CORPORATION;<br>BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC.;<br>TRELLEBORG INDUSTRIE S.A.;<br>DUNLOP OIL & MARINE LTD.;<br>PARKER ITR S.L.R.;<br>MANULI RUBBER INDUSTRIES S.P.A.;<br>MANULI OIL & MARINE (U.S.A.) INC.;<br>YOKOHAMA RUBBER CO., LTD.;<br>PW CONSULTING (OIL AND MARINE) LTD.;<br>PETER WHITTLE;<br>DAVID BRAMMAR;<br>BRYAN ALLISON;<br>JACQUES COGNARD;<br>CHRISTIAN CALECA;<br>MISAO HIOKI;<br>FRANCESCO SCAGLIA; and<br>VANNI SCODEGGIO,<br><br>       Defendants. | Civil Action No. 07-CIV-6811<br><br><br><br>**ANSWER OF DEFENDANT TRELLEBORG INDUSTRIE S.A.** |

## ANSWER

      Defendant Trelleborg Industrie S.A. ("TISA"), by and through its undersigned attorneys, hereby files its Answer to Plaintiff's Complaint. The Complaint contains numerous allegations that are vague, ambiguous and conclusory in nature, and fails to make particularized allegations against TISA. Except as expressly stated below, TISA answers in response only to those allegations contained in the Complaint that are directed towards TISA. TISA is generally without sufficient knowledge or information to form a belief concerning the truth of the

allegations in the Complaint that are directed towards other Defendants, the Plaintiff or third parties, and therefore, denies them.

For its Answer, TISA admits, denies, and otherwise alleges as follows:

## NATURE OF THE CASE

1. TISA denies the allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. TISA admits that Plaintiff's Complaint purports to allege a violation of the federal antitrust laws. Except as specifically admitted, the Complaint speaks for itself and TISA refers the Court to the Complaint for its content.

3. Plaintiff alleges a legal conclusion to which no response is required.

4. Plaintiff alleges a legal conclusion to which no response is required. To the extent a further response is required, TISA does not dispute that venue would be proper in this Court, although TISA lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations regarding defendants' various business dealings in this Judicial District.

5. TISA lacks sufficient information to admit or deny the allegations of Paragraph 5, and therefore, denies those allegations.

## DEFINITIONS

6. Paragraph 6 of the Complaint alleges a legal conclusion to which no response is required. TISA further responds that Complaint speaks for itself with respect to the allegations made therein.

7. Paragraph 7 of the Complaint purports to characterize the content of the Complaint itself, and thus, does not require a separate response. TISA further responds that Complaint speaks for itself with respect to the allegations made therein.

8. Paragraph 8 of the Complaint purports to characterize the content of the Complaint itself, and thus, does not require a separate response. TISA further responds that Complaint provides its own definition of the term "Marine Hose" and that the Complaint speaks for itself with respect to the allegations made therein.

**PLAINTIFF**

9. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, and therefore, denies them. TISA specifically denies that that TISA sold "Marine Hose" to Plaintiff or that Plaintiff suffered any injury as a result.

**DEFENDANTS**

10. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. TISA admits that Trelleborg Industrie SA ("TISA") is a French corporation with its principal place of business located at Z1 La Combaude, Rue de Chantemerle, FR-63050, Clermont-Ferrand Cedex 02;[1] that it is a wholly-owned subsidiary of Trelleborg Holding France SAS, and an indirect subsidiary of Trelleborg AB. TISA further admits that Trelleborg AB is a publicly traded company under the laws of Sweden, traded on the OMX Nordic Exchange, and that Trelleborg AB owns, directly or indirectly, other subsidiaries not engaged in the production or sale of "Marine Hose" with offices or facilities located in the United States at the locations listed in Paragraph 12.

13. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

---

[1] Trelleborg Industrie S.A. (TISA) was a French corporation with its principal place of business in Clermont-Ferrand, France and was generally engaged in the marine hose industry. TISA was lawfully dissolved under French law. At the time of the Complaint through the present, Trelleborg Industrie S.A.S. ("TISAS") is and has been a French corporation with its principal place of business in Clermont-Ferrand. For purposes of its Answer, TISA assumes that the Plaintiff's allegations are meant to cover both entities, and that the Plaintiff will make appropriate changes in the filing of any amended complaint.

14. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22. TISA admits that Jacques Cognard is or was the Product Area Manager of the Oil and Marine department of TISA and involved in sale of marine hose. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 22 of the Complaint.

23. TISA admits that Christina Caleca is or was the President of the Industrial Hose Business Unit at TISA in France. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 23 of the Complaint.

24. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

### CO-CONSPIRATORS

27. Paragraph 27 sets forth further definition or characterization of the allegations of the Complaint itself, and thus, does not require a response separate from the responses to those specific allegations. To the extent a further response is required, TISA incorporates its responses to Paragraphs 28-77.

28. TISA lacks knowledge or information regarding all of the alleged acts or actors sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, and therefore denies them.

29. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint relating to various other unnamed persons, firms and corporations, and therefore, denies them.

### INTERSTATE TRADE AND COMMERCE

30. Paragraph 30 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TISA denies the allegations contained in Paragraph 30.

31. TISA admits that Marine Hose is generally sold and shipped in foreign commerce, including in some instances between foreign countries and the United States. Except as otherwise admitted, TISA denies the allegations contained in Paragraph 31 of the Complaint.

### THE MARINE HOSE INDUSTRY

32. TISA admits that Paragraph 32 sets forth one possible definition of "Marine Hose." By its response, however, TISA does not admit that this definition is necessarily a complete definition of the term.

33. TISA admits, at the level of generality alleged in the Complaint, that certain technology employed in Marine Hose is common to the tire industry.

34. TISA denies the allegations contained in Paragraph 34 of the Complaint.

## **VIOLATIONS ALLEGED**

35. TISA denies the allegations contained in Paragraph 35 of the Complaint.

36. TISA denies the allegations contained in Paragraph 36 of the Complaint.

37. TISA admits that on May 2, 2007, the United States Department of Justice ("DOJ") issued a press release entitled "Eight Executives Arrested on Charges of Conspiring to Rig Bids, Fix Prices, and Allocate Markets for Sales of Marine Hose." TISA refers the Court to that press release (the "May 2 press release") for an accurate statement of its contents.

38. TISA admits that on May 2, 2007, a criminal complaint was unsealed in the United States District Court for the Southern District of Florida against the executives named in Paragraph 38 of the Complaint, and refers the Court to the May 2, 2007 press release and the criminal complaint referenced therein for an accurate statement of their contents. Except as otherwise specifically admitted, TISA denies the allegations of Paragraph 38.

39. TISA admits that the criminal complaint referred to in Paragraph 39 was filed on May 1, 2007 against Caleca, Scodeggio, Scaglia, and Hioki, and that criminal complaint alleges that these individuals participated in a conspiracy at times during the period from at least 1999 to the present.

40. TISA admits that officials from or under the direction of the European Commission searched the TISA offices in France. TISA denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40 of the Complaint.

41. TISA admits that defendant Yokohama Rubber Company made a disclosure regarding an investigation by Japan's Fair Trade Commission relating to the Marine Hose industry. Except as otherwise admitted, TISA lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the allegations of Paragraph 41.

42.     TISA admits the allegation in Paragraph 42.

43.     TISA admits that the affidavits filed in support of the criminal complaints and arrest warrants alleges that conspirators met in locations such as Key Largo, Florida, Bangkok, London, and Houston; and that conspirators discussed and agreed to the rules for implementing a bid-rigging, price-fixing and allocation scheme.  TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for an accurate statement of their contents.  Except as otherwise specifically admitted, TISA denies the allegations of Paragraph 43.

44.     TISA admits that the referenced affidavits contained allegations that the alleged conspiracy participants used code names for themselves and for the alleged conspiracy, as set forth in Paragraph 44.  TISA refers the Court to the May 2, 2007 press release and the Complaint's affidavit referenced therein for a complete and accurate statement of their contents.  Except as otherwise specifically admitted, TISA denies the allegations of Paragraph 44.

45.     TISA admits that the referenced affidavits allege that a foreign-based manufacturer of Marine Hose admitted to its involvement in a bid-rigging, price-fixing, and allocation conspiracy.  TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

46.     TISA admits that the referenced affidavits allege that if a cooperating manufacturer abides by the terms of its cooperation agreement with the government, the DOJ will not prosecute it or its cooperating employees, as set forth in Paragraph 46.  TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

47.     TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint.  To the extent that plaintiff purports to cite to or repeat allegations from the previously referenced affidavits, TISA refers the Court to

the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

48. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 48 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

49. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 49 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

50. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 50 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

51. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 51 of the Complaint, except that TISA admits that the hotel rooms of its former employees Caleca and Cognard were searched while they were attending the OTC conference in Houston, Texas.

52. TISA admits that the referenced affidavits allege that the cartel held meetings in London, Bangkok, and Key Largo. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for an accurate statement of their contents.

53. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 53 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously

referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

54. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 54 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

55. TISA admits that the referenced affidavits allege that the cartel members engaged in certain activities related to the alleged cartel and made payments to Whittle to coordinate same. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 55 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

56. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 56 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

57. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 57 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

58. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 58 of the Complaint.

59. TISA admits that the referenced affidavits allege that the members of the cartel met on May 1, 2007 in Houston, Texas for purposes of carrying out the alleged conspiracy. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

60. TISA admits that the referenced affidavits make allegations regarding discussions captured by surveillance that occurred during the alleged May 1, 2007 meeting in Houston, Texas. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 60 of the Complaint. To the extent that plaintiff purports to cite to, paraphrase or repeat from allegations made in the previously referenced affidavits, TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

61. TISA admits that the referenced affidavits contain allegations consistent with Paragraph 61 regarding an alleged 2001 Key Largo meeting. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

62. TISA admits that the referenced affidavits allege that, during a tape-recorded telephone call, the coordinator identified Caleca as someone who would attend a meeting on May 1, 2007 along with another Trelleborg executive who had attended the Florida meeting. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

63. TISA admits that the referenced affidavits contain allegations concerning Mr. Hioki's activities and statements consistent with that set forth in Paragraph 63. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 63 of the Complaint. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for an accurate statement of their contents.

64. TISA admits that the referenced affidavits allege that a co-conspirator claimed that Defendant Manuli has been a corporate member of the conspiracy since at least 1999; and

that Scaglia attended the May 1, 2007 meeting among the cartel members. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

65. TISA admits that the referenced affidavits allege that a co-conspirator alleges that Defendant Parker has been a corporate member of the conspiracy since at least 1999; and that Scodeggio joined the marine hose conspiracy at least by January 2007. TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

66. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 66 of the Complaint.

67. TISA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the underlying allegations repeated in Paragraph 67 of the Complaint.

## EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT

68. TISA lacks knowledge or information sufficient to allow it to admit or deny the allegations contained in Paragraph 68 of the Complaint, and therefore, denies them.

69. TISA admits that the referenced affidavits allege that the alleged conspiracy participants used code names for themselves and the alleged conspiracy, and that the conspirators attempted to conceal their actions by referring to the cartel as the "club" or the "Technical Committee – Marine Hose." TISA refers the Court to the May 2, 2007 press release and the affidavit referenced therein for a complete and accurate statement of their contents.

70. TISA lacks knowledge or information sufficient to allow it to admit or deny the allegations contained in Paragraph 70 of the Complaint, and therefore, denies them.

71. Paragraph 71 alleges a legal conclusion to which no response is required. To the extent that a response is required, TISA denies the allegations.

## CLASS ACTION ALLEGATIONS

72. TISA admits that the Complaint asserts that Plaintiff has purported to bring this action as a class action on behalf of itself and on behalf of all members of a purported class of

direct purchasers of Marine Hose in the United States between January 1999 and May 2007. The remainder of this allegation sets forth a legal conclusion as to which no response is required. To the extent a further response is required, TISA specifically denies that this case may be maintained as a class action.

73. Plaintiff alleges a legal conclusion in Paragraph 73 to which no response is required. To the extent that a response is required, TISA denies the allegations contained in Paragraph 73, specifically including the allegation that the number or characteristics of the potential class members renders joinder impracticable.

74. Plaintiff alleges a legal conclusion in Paragraph 74 to which no response is required. To the extent that a response is required, TISA lacks information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 74, and therefore denies them.

75. Plaintiff alleges a legal conclusion in Paragraph 75 to which no response is required. To the extent that a response is required, TISA denies the allegations contained in Paragraph 75, specifically including the allegations that questions of law and fact set forth in Paragraph 75(c) – (e) are common to the purported class.

76. Plaintiff alleges a legal conclusion in Paragraph 76 to which no response is required. To the extent that a response is required, TISA denies the allegations contained in Paragraph 76, specifically including the allegation that questions of law and fact predominate over individual issues.

77. Plaintiff alleges a legal conclusion in Paragraph 77 to which no response is required. To the extent that a response is required, TISA denies the allegations contained in Paragraph 77.

78. Plaintiff alleges a legal conclusion in Paragraph 78 to which no response is required. To the extent that a response is required, TISA denies the allegations of Paragraph 78.

### COUNT I
### Violation of Section 1 of the Sherman Act – 15 U.S.C. § 1

79. TISA denies the allegations contained in Paragraph 79 of the Complaint.

80. TISA denies the allegations contained in Paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

81. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

82. To the extent that the Complaint states claims for alleged injuries arising, in whole or in part, from purchases made by Plaintiff or the purported class of purchasers it seeks to represent, outside of the United States or from the non-domestic effects of the alleged conspiracy, Plaintiff lacks standing to sue and this court is without subject matter jurisdiction to hear Plaintiff's claims. Plaintiff cannot recover from claims arising from the foreign effects of the alleged conspiracy.

### THIRD DEFENSE

83. Plaintiff's claim is barred because Plaintiff has not suffered any cognizable injury under the federal antitrust laws and lacks standing and antitrust standing to pursue the claims alleged.

### FOURTH DEFENSE

84. Plaintiff's claim is barred because Plaintiff failed to mitigate damages, if any, allegedly suffered as a result of the conduct Plaintiff alleges.

### FIFTH DEFENSE

85. Plaintiff's claim is barred because Plaintiff's alleged damages, if any, are too speculative and uncertain.

### SIXTH DEFENSE

86. Plaintiff's claim is barred by the doctrines of waiver, estoppel, and/or laches.

### SEVENTH DEFENSE

87. Plaintiff's claim is barred by the applicable statute of limitations.

### EIGHTH DEFENSE

88. TISA adopts by reference any applicable defense pleaded by any other Defendant not expressly set forth in this Answer; and reserves the right to assert any other defenses as discovery proceeds.

## **PRAYER FOR RELIEF**

WHEREFORE, TISA respectfully requests that the Court enter judgment as follows:

    a. Dismissing Plaintiff's claim with prejudice;

    b. Awarding TISA reasonable attorneys' fees and costs, with interest, associated with the defense of this litigation; and

    c. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Christina Guerola Sarchio
**Christina Guerola Sarchio, Esq.**
Registration # CS0620
**Roxann E. Henry, Esq.**
**James G. Kress, Esq.**
**Walter Berger, Esq.**
**Richard E. DiZinno, Esq.**
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.783.0800 Phone
202.383.6610 Fax
sarchioc@howrey.com
henryr@howrey.com
kressj@howrey.com
bergerc@howrey.com
dizinnor@howrey.com

*Attorneys for Defendant Trelleborg Industrie S.A.*

Dated: October 10, 2007

## **CERTIFICATE OF SERVICE**

      I certify that on the 10th day of October, 2007, I electronically filed the foregoing Answer with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                    /s/ Christina Guerola Sarchio
                              **Christina Guerola Sarchio, Esq.**
                              Registration # CS0620
                              HOWREY LLP
                              1299 Pennsylvania Avenue, N.W.
                              Washington, D.C.  20004
                              202.783.0800 Phone
                              202.383.6610 Fax
                              sarchioc@howrey.com

                              *Attorney for Defendant Trelleborg Industrie S.A.*