UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

WEEKS MARINE, INC., on behalf of itself and
all others similarly situated,

                     Plaintiff,

    vs.

BRIDGESTONE CORPORATION;
BRIDGESTONE INDUSTRIAL PRODUCTS
AMERICA, INC.; TRELLEBORG INDUSTRIE
S.A.; DUNLOP OIL & MARINE LTD.; PARKER
ITR S.L.R.; MANULI RUBBER INDUSTRIES
S.P.A.; MANULI OIL & MARINE (U.S.A.) INC;
YOKOHAMA RUBBER CO., LTD.; PW
CONSULTING INTERNATIONAL LTD.;
PETER WHITTLE; DAVID BRAMMAR;
BRYAN ALLISON; JACQUES COGNARD;
CHRISTIAN CALECA; MISAO HIOKI;
FRANCESCO SCAGLIA; and VANNI
SCODEGGIO

                     Defendants.

No. 07-cv-06811-AKH

---------------------------------------------------------------

**DEFENDANT VANNI SCODEGGIO'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

 

**KING & SPALDING LLP**
James M. Griffin
Diana J. Pomeranz
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 737-0500
(202) 626-3737

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT.................................................................................................................................. 2

**I.**   THE COMPLAINT SHOULD BE DISMISSED BECAUSE CONDUCT SPECIFIC TO MR. SCODEGGIO IS ABSENT. ..................................................................................... 2

    A.    Specific allegations against Mr. Scodeggio do not satisfy pleading requirements under *Twombly*............................................................................................................ 2

    B.    Plaintiff's allegations that attribute alleged misconduct to "Defendants" or "cartel members" generally and not Mr. Scodeggio specifically are insufficient under *Twombly*. .............................................................................................................. 3

**II.**   PLAINTIFF'S ALLEGATIONS OF EFFECT ON U.S. COMMERCE ARE INSUFFICIENT BECAUSE THEY MUST BE SPECIFIC TO MR. SCODEGGIO........ 5

    A.    Alleging that the instant action is a conspiracy to fix prices in the United States where domestic purchasers were harmed is insufficient to exempt the applicability of the FTAIA............................................................................................................ 5

    B.    Because the Complaint does not allege that Mr. Scodeggio's conduct directly, substantially, and foreseeably affected U.S. commerce, the FTAIA applies and this Court lacks subject matter jurisdiction over Mr. Scodeggio............................ 6

CONCLUSION............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

*American. Banana Co. v. United Fruit Co.*,
   29 S. Ct. 511 (1909)......................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)..............................................................................1, 2, 3, 5, 7

*Coffin v. United States*,
   156 U.S. 432 (1895)......................................................................................................3

*eMag Solutions LLC v. Toda Kogyo Corp.*,
   2005 U.S. Dist. LEXIS 44512 (N.D. Cal. July 20, 2005)..........................................7

*Estelle v. Williams*,
   425 U.S. 501 (1976)......................................................................................................3

*F. Hoffmann-La Roche Ltd, v. Empagran S.A.*,
   542 U.S. 155 (2004)......................................................................................................6

*In re Electrical Carbon Products Antitrust Litigation*,
   333 F. Supp. 2d 303 (D.N.J. 2004) ........................................................................3, 4, 7

*Invamed, Inc. v. Barr Laboratories, Inc.*,
   22 F. Supp. 2d 210 (S.D.N.Y. 1998)...........................................................................4

*Jung v. Association of American Medical Colleges*,
   300 F. Supp. 2d 119 (D.D.C. 2004) .........................................................................4, 7

*Korea Kumho Petrochemical v. Flexsys Am. LP*,
   2007 U.S. Dist. LEXIS 61373 (N.D. Cal. Aug. 13, 2007)..........................................5

*New York v. Hendrickson Bros., Inc.*,
   840 F.2d 1065 (2d Cir. 1988).......................................................................................3

*United States v. Aluminum Co. of America*,
   148 F.2d 416 (2d Cir. 1945).........................................................................................6

**S**TATUTES

Foreign Trade Antitrust Improvements Act of 1982,
    15 U.S.C. § 6a (2007) ........................................................................................................1, 6

Defendant Vanni Scodeggio respectfully submits this Reply Memorandum of Law in Further Support of His Motion to Dismiss Plaintiff's Class Action Complaint.

## PRELIMINARY STATEMENT

In its Memorandum of Law in Opposition to the Motions to Dismiss by Defendants Misao Hioki and Vanni Scodeggio ("Opposition"), Plaintiff Weeks Marine, Inc. ("Plaintiff") contends that although the Complaint mentions Mr. Scodeggio by name in only three allegations, it nevertheless sufficiently alleges Mr. Scodeggio's participation in the conspiracy. Plaintiff argues this is because allegations regarding "Defendants" generally and the allegations related to Mr. Scodeggio are supported by the fact that Mr. Scodeggio has been indicted for participation in the conspiracy – an assertion that is both absent from the Complaint and untrue. However, such general allegations are insufficient to meet the pleading standards established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1971 n.10 (2007). Even if Mr. Scodeggio had been indicted – which he has not – it would be insufficient to support a claim against Mr. Scodeggio since an arrest or indictment cannot be used as prima facie evidence in a civil suit. Further, because the allegations against Mr. Scodeggio that are actually contained in Plaintiff's Complaint are lacking for the reasons stated in Mr. Scodeggio's underlying Motion to Dismiss ("Motion"), and because generalized pleadings regarding "Defendants" are insufficient under *Twombly*, Plaintiff's Complaint fails to state a claim against Mr. Scodeggio.

Moreover, Plaintiff's argument that the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"), 15 U.S.C. § 6a (2007), does not apply because the instant case alleges a conspiracy to fix prices in the United States brought by domestic purchasers ignores the fact that Plaintiff is required to plead facts specific to Mr. Scodeggio's conduct irrespective of the type of claim at issue or the plaintiff's identity. Plaintiff fails to plead any facts that would exempt the

1

applicability of the FTAIA to claims against Mr. Scodeggio – a foreign national, living and working abroad. Furthermore, broad allegations that "Defendants" or "cartel members" engaged in conduct that affected U.S. commerce are insufficient to state a claim that Mr. Scodeggio's conduct had a "direct, substantial, and reasonably foreseeable" effect on U.S. commerce. Thus, the Complaint should be dismissed because it fails to meet the requirements of the FTAIA and therefore this Court lacks subject matter jurisdiction over Mr. Scodeggio's conduct.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE CONDUCT SPECIFIC TO MR. SCODEGGIO IS ABSENT.

#### A. Specific allegations against Mr. Scodeggio do not satisfy pleading requirements under *Twombly*.

Contrary to Plaintiff's assertion in its Opposition, Mr. Scodeggio does not argue that Twombly requires Plaintiff to meet a heightened pleading standard. (Opp'n at 4.) Rather, Mr. Scodeggio is seeking only to ensure that Plaintiff fulfill the 'who, what, where, and when' requirements mandated by the Supreme Court in *Twombly*. *Twombly*, 127 S. Ct. at 1971 n.10 (dismissing claims based on allegations that Section I violations occurred during a seven year time period, but "mentioned no specific time, place, or person involved in the alleged conspiracies."). Instead of addressing the arguments that Mr. Scodeggio set forth in his Motion for why the allegations asserted against him are insufficient to state a claim, Plaintiff merely responds that Mr. Scodeggio has failed to consider that "Scodeggio has been indicted for his participation in the conspiracy." (Opp'n at 7.) This assertion is factually wrong and would be of no legal consequence to the Complaint even if it were correct and had been asserted in Plaintiff's Complaint. First, Mr. Scodeggio has been charged in a criminal complaint but has not been indicted. Second, it is a fundamental tenet that courts cannot consider an arrest or even a formal charge of misconduct as evidence that the misconduct actually occurred. Rather, there must be a

2

conviction based on the same facts before a civil plaintiff may use the misconduct as prima facie evidence in a subsequent civil suit. *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1081 (2d Cir. 1988) (only matters of fact or law "necessarily decided by the conviction and the verdict on which it was based" may serve as prima facie evidence in a subsequent civil suit).[1]  In the instant case, Mr. Scodeggio has not been indicted, tried or convicted.  Therefore, the fact that Mr. Scodeggio has been named in a criminal complaint cannot and does not bolster otherwise insufficient claims asserted against Mr. Scodeggio.

> **B.    Plaintiff's allegations that attribute alleged misconduct to "Defendants" or "cartel members" generally and not Mr. Scodeggio specifically are insufficient under *Twombly*.**

In stark contrast to Plaintiff's argument in its Opposition, *Twombly* is clear that allegations that attribute alleged anticompetitive misconduct to "Defendants" or "cartel members" generally are insufficient since "a defendant seeking to respond to plaintiffs' conclusory allegations in the § 1 context would have little idea where to begin." *Twombly*, 127 S. Ct. at 1971 n.10; (*see* Opp'n at 8-9.)  Specifically, *Twombly* provides that such generalized allegations are inadequate because a defendant reading the complaint would have no way of knowing to which specific defendant or defendants the allegation pertains. *See Twombly*, 127 S. Ct. at 1963, 1971 n.10 (Allegations that "[the ILEC's] entered into a contract, combination or conspiracy to prevent competitive entry in their…markets and have agreed not to compete with one another" is insufficient because it "furnishes no clue as to which of the four ILECs (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place."); *see also In re Elec. Carbon Products Antitrust Litig.*, 333 F. Supp. 2d 303, 311 (D.N.J.

---

[1] *Cf. Estelle v. Williams*, 425 U.S. 501, 503 (1976) ("The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice."); *Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.").

2004) ("Simply using the "global term 'defendants' to apply to numerous parties without any specific allegations that would tie each particular defendant to the conspiracy is not sufficient.") (citation omitted). Therefore, "to satisfy pleading requirements in the antitrust context, the plaintiffs must allege that *each individual defendant* joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by *each defendant* to join it." *In re Elec. Carbon Products Antitrust Litig.*, 333 F. Supp. 2d at 311 (citation omitted) (emphasis added); *see Jung v. Ass'n of Am. Med. Colleges*, 300 F. Supp. 2d 119, 163-64 (D.D.C. 2004) (dismissing plaintiff's complaint as to defendant where allegations referred to only the "global term 'defendants'" noting that "Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [the individual defendant].").[2]  Plaintiff cannot avoid the requirement that it allege facts specific to Mr. Scodeggio by pointing to broad, nonspecific allegations in the Complaint that "the Defendants" or "cartel members" engaged in certain conduct since such generalized allegations are insufficient to state a Section 1 claim against Mr. Scodeggio. (*See, e.g.*, Compl. ¶ 50; Opp'n at 9.)[3]  Therefore, this Court should grant Mr. Scodeggio's Motion to Dismiss.

---

[2]  *See also Invamed, Inc. v. Barr Laboratories, Inc.*, 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998) (dismissing a complaint as it pertained to a certain defendant since "the complaint fails to support the existence of a conspiracy as it presents no facts that might establish any participation by [the defendant] in the alleged conspiracy, save including them within the term 'defendants.'").

[3]  In its Opposition, Plaintiff argues that Mr. Scodeggio is included in allegations regarding "conspirators" and "cartel members" under the "catch-all" language of paragraph 27 of the Complaint:

> Wherever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegations mean that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business or affairs.
> (Compl. ¶ 27.)

However, Plaintiff does not name Parker Hannifin ("Parker") (Mr. Scodeggio's employer) in connection with any specific anticompetitive activity, and merely offers the conclusory allegation that "Parker had been a corporate

4

## II. PLAINTIFF'S ALLEGATIONS OF EFFECT ON U.S. COMMERCE ARE INSUFFICIENT BECAUSE THEY MUST BE SPECIFIC TO MR. SCODEGGIO.

### A. Alleging that the instant action is a conspiracy to fix prices in the United States where domestic purchasers were harmed is insufficient to exempt the applicability of the FTAIA.

In its Opposition, Plaintiff argues that the FTAIA is inapplicable to the facts in this case because the act applies only "to claims based on the effects on foreign commerce, not allegations of conspiracy to fix prices in the United States." (Opp'n at 10.) Merely making generalized allegations of a "conspiracy to fix prices in the United States" is not enough to satisfy the requirements of the FTAIA with respect to Mr. Scodeggio – a foreign national, living and working abroad. (*See* Compl. ¶ 26.) Rather, "the trade and commerce that is scrutinized for purposes of [FTAIA] analysis is the conduct *of the defendant*." *Korea Kumho Petrochemical v. Flexsys Am. LP*, 2007 U.S. Dist. LEXIS 61373, at *16 n.6 (N.D. Cal. Aug. 13, 2007) (emphasis in original). Plaintiff's Complaint, however, fails to make any such specific allegation regarding Mr. Scodeggio's conduct. Instead, Plaintiff merely designates the case a conspiracy to fix prices in the United States and states that it "seeks redress" for "domestic purchases, not foreign purchases." (Opp'n at 11.)[4] Furthermore, describing this case as a price-fixing conspiracy does nothing more than apply "labels and conclusions" that are insufficient to state a claim under *Twombly* as Mr. Scodeggio argued in his Motion. *Twombly*, 127 S. Ct. at 1964-65.

---

member of the conspiracy since at least 1999." (*Id.* ¶ 65.) Thus there is no anticompetitive conduct to attribute to Mr. Scodeggio through Parker under paragraph 27.

[4] Plaintiff also argues that the FTAIA's requirements are met because the Complaint is filed on behalf of "purchasers of marine hoses in the United States." (Opp'n at 11; *see* Compl. ¶¶ 4-5.)

> **B.  Because the Complaint does not allege that Mr. Scodeggio's conduct directly, substantially, and foreseeably affected U.S. commerce, the FTAIA applies and this Court lacks subject matter jurisdiction over Mr. Scodeggio.**

Since Mr. Scodeggio is a foreign national living and working abroad, Plaintiff must plead facts that Mr. Scodeggio's conduct had a "direct, substantial, and reasonably foreseeable" impact on U.S. commerce to successfully state a claim against the defendant under the FTAIA's exception. *See generally* 15 U.S.C. § 6a(1).[5]  Plaintiff, however, does not even attempt to explain how the only three allegations specific to Mr. Scodeggio allege that Mr. Scodeggio's conduct had a "direct, substantial, and reasonably foreseeable" impact on U.S. commerce. Instead, the Opposition merely repeats the same generalized allegations that Mr. Scodeggio identified as insufficient under the FTAIA and the Federal Rules in his Motion to Dismiss. (*See* Opp'n at 12-13; *see also* Def. Mot. at 11-13.)

Plaintiff correctly states that "a complaint is appropriately brought in the United States *if* the plaintiff alleges that the illicit conduct at issue adversely impacts the United States" but fails entirely to allege any facts that link Mr. Scodeggio's conduct to any direct adverse impact on domestic commerce. (*Id.* at 12) (emphasis added).  Instead, Plaintiff tries to cure its inadequate Complaint by arguing that the FTAIA's pleading requirements are met because it has alleged that "[c]artel members sold marine hose in the United States" and that "much of the conspiratorial activity alleged in the Complaint took place in the United States, including meetings… and conversations…that were undertaken to further the conspiracy." (*Id.*)  Even if these generalized allegations were true, such allegations do not satisfy the FTAIA's requirements because they fail to link Mr. Scodeggio's alleged conduct to a direct effect on U.S. commerce.  *See eMag*

---

[5]  The FTAIA "exception" codifies by statute a longstanding common law jurisdictional requirement when the defendant's conduct occurs in a foreign location. *See, e.g.*, *Am. Banana Co. v. United Fruit Co.*, 29 S. Ct. 511, 513-14 (1909); *United States v. Aluminum Co. of Am.*, 148 F.2d 416, 444 (2d Cir. 1945). *Cf. F. Hoffmann-La Roche Ltd, v. Empagran S.A.*, 542 U.S. 155, 172-73 (2004).

6

*Solutions LLC v. Toda Kogyo Corp.*, 2005 U.S. Dist. LEXIS 44512, at *26 (N.D. Cal. July 20, 2005) (concluding that an exception to the FTAIA may occur and extend subject matter jurisdiction over a foreign individual only where the plaintiff's claim arises from the effect on U.S. commerce *and* the defendant's foreign conduct has a "direct, substantial, and reasonably foreseeable effect" on domestic commerce) (emphasis added).  Moreover, Plaintiff cannot establish that Mr. Scodeggio engaged in anticompetitive conduct by pointing to general allegations about "Defendants" or "cartel members", (Compl. ¶¶ 1, 4-5), since such "global" allegations are insufficient under *Twombly*.  See *Twombly*, 127 S. Ct. at 1971 n.10; *see also In re Elec. Carbon Products Antitrust Litig.*, 333 F. Supp. 2d at 311; *Jung*, 300 F. Supp. 2d at 163.  Because the Complaint makes only generalized allegations of conduct affecting U.S. commerce, the Complaint is insufficient to invoke the FTAIA's exception and establish subject matter jurisdiction over Mr. Scodeggio.  The Complaint, therefore, should be dismissed.

## CONCLUSION

Because the Complaint fails to plead facts sufficient to satisfy the requirements of *Twombly* or the FTAIA, Mr. Scodeggio respectfully requests that the Complaint against him be dismissed.

Dated: October 22, 2007                                      Respectfully submitted,

                                                              KING & SPALDING LLP

                                                                /s/ James M. Griffin
                                                              James M. Griffin
                                                              Diana J. Pomeranz
                                                              1700 Pennsylvania Ave., NW
                                                              Suite 200
                                                              Washington, DC 20006

                                                              *Attorneys for Defendant Vanni Scodeggio*